UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STAT MEDICAL DEVICES, INC.,
a Florida corporation,

       Plaintiff,

  vs.

HTL-STREFA, INC.,
a Georgia corporation,

       Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, Stat Medical Devices, Inc. ("Plaintiff"), and files its Complaint against Defendant, HTL-Strefa, Inc. ("Defendant"), as follows:

### Allegations Common To All Counts

1.    This is an action for patent infringement pursuant to the Patent Laws of the United States, 35 U.S.C. §1, et seq.

### The Parties

2.    Plaintiff, Stat Medical Devices, Inc., is a corporation of the state of Florida having its principal address at 2056 N.E. 153rd Street, North Miami Beach, Florida.

3.    Upon information and belief, Defendant, HTL-Strefa, Inc., is a corporation organized and existing under the laws of the state of Georgia having its principal address at 3005 Chastain Meadow Parkway, Building 500, Suite 300, Marietta, Georgia.

## Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1338(a).

5. Personal jurisdiction is established in this Court pursuant to Florida Statute §48.193 *et. seq.* as the tortious acts complained of herein were committed in the State of Florida, the property infringed is situated in the State of Florida, and the acts were directed at Plaintiff, an entity based in Florida.

6. Personal jurisdiction is also established in this Court as, upon information and belief, the Defendants have sufficient contacts in the State of Florida because the Defendants knowingly sell and/or offer to sell infringing products within the State of Florida.

7. Venue is properly established in this Court pursuant to 28 U.S.C. §1391(b), §1391(c), and §1400(b) as, upon information and belief, Defendants have sufficient contacts in the Southern District of Florida to be deemed to reside in this Judicial District, and Defendants have engaged in acts of patent infringement within this Judicial District, said acts being the subject of this Complaint.

## Plaintiff's Patented Invention

8. United States Patent No. 6,764,496 ("the '496 patent") was duly and legally issued on July 20, 2004 for a single use lancet assembly, and the '496 patent is valid and fully enforceable. A true and accurate copy of the '496 patent is attached hereto as Exhibit A.

9. United States Patent No. 8,034,069 ("the '069 patent") was duly and legally issued on October 11, 2011 for a single use lancet assembly, and the '069 patent is valid and fully

enforceable. A true and accurate copy of the '069 patent is attached hereto as Exhibit B.

10. United States Patent No. 8,353,924 ("the '924 patent") was duly and legally issued on January 15, 2013 for a single use lancet assembly, and the '924 patent is valid and fully enforceable. A true and accurate copy of the '924 patent is attached hereto as Exhibit C.

11. United States Patent No. 8,814,896 ("the '896 patent") was duly and legally issued on August 26, 2014 for a single use lancet assembly, and the '896 patent is valid and fully enforceable. A true and accurate copy of the '896 patent is attached hereto as Exhibit D.

12. Plaintiff is the sole assignee and, as such, is the owner of all right, title, and interest in and to U.S. Patent Numbers 6,764,496; 8,034,069; 8,353,924; and, 8,814,896 (hereinafter, collectively, "the Stat Patents").

## COUNT I – Infringement of U.S. Patent No. 6,764,496

13. Plaintiff incorporates by reference the allegations of paragraphs 1 through 12, inclusive, as if fully set forth in this paragraph.

14. Upon information and belief, Defendant, having notice and knowledge thereof, is and has been infringing claims 1 through 9, 11, and 12 of the '496 patent either literally or under the doctrine of equivalents by making, using, offering for sale, and/or selling in the United States, or by importing into the United States, including in this Judicial District, one or more single use lancet device, including the MediSafe Solo single use lancet device. True and accurate copies of Defendant's website for its MediSafe Solo single use lancet device are attached hereto as Exhibit E, and true and accurate copies of Defendant's brochure for its MediSafe Solo single use lancet device obtained from its website are attached hereto as Exhibit F.

15. Plaintiff has never authorized or otherwise granted any right to Defendant to manufacture, use, offer for sale, sell, or otherwise distribute in the United States, or import into the United States, any single use lancet device under claims 1 through 9, 11, and 12 of the '496 patent.

16. Upon information and belief, Defendant had notice of its infringement and, as such, Defendant's infringement of claims 1 through 9, 11, and 12 of the '496 patent has been willful, wanton, and deliberate.

17. Upon information and belief, Defendant will continue to infringe claims 1 through 9, 11, and 12 of the '496 patent to the irreparable damage of Plaintiff, unless enjoined by the Court.

18. Plaintiff has no adequate remedy at law.

## COUNT II – Infringement of U.S. Patent No. 8,034,069

19. Plaintiff incorporates by reference the allegations of paragraphs 1 through 18, inclusive, as if fully set forth in this paragraph.

20. Upon information and belief, Defendant, having notice and knowledge thereof, is and has been infringing claims 1 through 6 of the '069 patent either literally or under the doctrine of equivalents by making, using, offering for sale, and/or selling in the United States, or by importing into the United States, including in this Judicial District, one or more single use lancet device, including the MediSafe Solo single use lancet device. True and accurate copies of Defendant's website for its MediSafe Solo single use lancet device are attached hereto as Exhibit E, and true and accurate copies of Defendant's brochure for its MediSafe Solo single use lancet

device obtained from its website are attached hereto as Exhibit F.

21. Plaintiff has never authorized or otherwise granted any right to Defendant to manufacture, use, offer for sale, sell, or otherwise distribute in the United States, or import into the United States, any single use lancet device under claims 1 through 6 of the '069 patent.

22. Upon information and belief, Defendant had notice of its infringement and, as such, Defendant's infringement of claims 1 through 6 of the '069 patent has been willful, wanton, and deliberate.

23. Upon information and belief, Defendant will continue to infringe claims 1 through 6 of the '069 patent to the irreparable damage of Plaintiff, unless enjoined by the Court.

24. Plaintiff has no adequate remedy at law.

## COUNT III – Infringement of U.S. Patent No. 8,353,924

25. Plaintiff incorporates by reference the allegations of paragraphs 1 through 24, inclusive, as if fully set forth in this paragraph.

26. Upon information and belief, Defendant, having notice and knowledge thereof, is and has been infringing claims 1 through 4 of the '924 patent either literally or under the doctrine of equivalents by making, using, offering for sale, and/or selling in the United States, or by importing into the United States, including in this Judicial District, one or more single use lancet device, including the MediSafe Solo single use lancet device. True and accurate copies of Defendant's website for its MediSafe Solo single use lancet device are attached hereto as Exhibit E, and true and accurate copies of Defendant's brochure for its MediSafe Solo single use lancet device obtained from its website are attached hereto as Exhibit F.

27. Plaintiff has never authorized or otherwise granted any right to Defendant to manufacture, use, offer for sale, sell, or otherwise distribute in the United States, or import into the United States, any single use lancet device under claims 1 through 4 of the '924 patent.

28. Upon information and belief, Defendant had notice of its infringement and, as such, Defendant's infringement of claims 1 through 4 of the '924 patent has been willful, wanton, and deliberate.

29. Upon information and belief, Defendant will continue to infringe claims 1 through 4 of the '924 patent to the irreparable damage of Plaintiff, unless enjoined by the Court.

30. Plaintiff has no adequate remedy at law.

## COUNT IV – Infringement of U.S. Patent No. 8,814,896

31. Plaintiff incorporates by reference the allegations of paragraphs 1 through 30, inclusive, as if fully set forth in this paragraph.

32. Upon information and belief, Defendant, having notice and knowledge thereof, is and has been infringing claims 1 through 4 of the '896 patent either literally or under the doctrine of equivalents by making, using, offering for sale, and/or selling in the United States, or by importing into the United States, including in this Judicial District, one or more single use lancet device, including the MediSafe Solo single use lancet device. True and accurate copies of Defendant's website for its MediSafe Solo single use lancet device are attached hereto as Exhibit E, and true and accurate copies of Defendant's brochure for its MediSafe Solo single use lancet device obtained from its website are attached hereto as Exhibit F.

33. Plaintiff has never authorized or otherwise granted any right to Defendant to

manufacture, use, offer for sale, sell, or otherwise distribute in the United States, or import into the United States, any single use lancet device under claims 1 through 4 of the '896 patent.

34. Upon information and belief, Defendant had notice of its infringement and, as such, Defendant's infringement of claims 1 through 4 of the '896 patent has been willful, wanton, and deliberate.

35. Upon information and belief, Defendant will continue to infringe claims 1 through 4 of the '896 patent to the irreparable damage of Plaintiff, unless enjoined by the Court.

36. Plaintiff has no adequate remedy at law.

**WHEREFORE,** Plaintiff requests:

A. That the Court find Defendant's aforesaid acts constitute infringement of the asserted claims of the Stat Patents, either literally or under the doctrine of equivalents.

B. That, pursuant to 35 U.S.C. §283, Defendant, and all of its agents, servants, employees, successors, assigns and all persons acting in concert or in active participation with Defendant, be preliminarily and permanently enjoined and restrained from making, using, offering to sell, and/or selling in the United States, and/or importing into the United States the MediSafe Solo single use lancet device, and any other lancet device that infringes any of the asserted claims of the Stat Patents, either literally or under the doctrine of equivalents.

C. That Defendant be ordered to deliver up for destruction all MediSafe Solo single use lancet devices, and any other lancet devices that infringe any of the asserted claims of the Stat Patents, either literally or under the doctrine of equivalents.

D. That Defendant be directed to file with this Court and serve upon Plaintiff within

thirty (30) days after service of the injunction issued in this action a written report under oath setting forth in detail the manner in which the Defendant has complied with the injunction.

  E. That this Court order an accounting for damages to Plaintiff resulting from Defendant's infringement of the asserted claims of the Stat Patents.

  F. That Plaintiff recover damages adequate to compensate for Defendant's infringement of the asserted claims of the Stat patents, calculated as not less than a reasonable royalty of any financial or any other calculable benefit conferred upon Defendant as a result of Defendant's infringement.

  G. That Plaintiff recover treble damages pursuant to 35 U.S.C. §284, based upon Defendant's deliberate, wanton, and willful infringement of the asserted claims of the Stat Patents.

  H. That the Court enter a declaration making this case exceptional within the meaning of 35 U.S.C. §285, based upon Defendant's deliberate, wanton, and willful infringement of the asserted claims of the Stat patents, and that Plaintiff recover its attorneys fees pursuant to 35 U.S.C. §285.

  I. That Plaintiff recover its taxable costs and disbursements herein.

  J. That Plaintiff recover both pre-judgment and post-judgment interest.

  K. That Plaintiff has such other and further relief as the Court deems just and proper.

/

/

/

/

                                                    Respectfully submitted,

Dated: February 13, 2015          By: /John Fulton, Jr.
                                             John Cyril Malloy, III
                                             jcmalloy@malloylaw.com
                                             Florida Bar No. 964,220
                                             Peter A. Matos
                                             pmatos@malloylaw.com
                                             Florida Bar No. 992,879
                                             Oliver A. Ruiz
                                             Florida Bar No. 524,786
                                             oruiz@malloylaw.com
                                             John Fulton, Jr.
                                             Florida Bar No. 173,800
                                             jfulton@malloylaw.com
                                             W. John Eagan
                                             jeagan@malloylaw.com
                                             Florida Bar No. 105,101
                                             MALLOY & MALLOY, P.L.
                                             2800 S.W. Third Avenue
                                             Miami, Florida 33129
                                             Tel:  (305) 858-8000
                                             Fax: (305) 858-0008
                                             E-Mail: jfulton@malloylaw.com

F:\MM DOCS\5-LIT\LIT 2015\5950-15 Stat Med v. HTL-STREFA\Complaint\2015-02-13 Complaint.doc