UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 15-cv-20590-FAM**

STAT MEDICAL DEVICES, INC.,
a Florida corporation,

        Plaintiff,

vs.

HTL-STREFA, INC.,
a Georgia corporation,

and,

HTL-STREFA S.A.,
a forcign corporation,

        Defendants.

_____/

**DEFENDANT HTL-STREFA, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR COURT-DIRECTED ALTERNATIVE
SERVICE OF PROCESS**

Defendant HTL-Strefa, Inc. ("Defendant"), through the undersigned, hereby files this

Memorandum of Law in opposition to Plaintiff STAT Medical Devices, Inc.'s ("Plaintiff")

Motion for Court-Directed Alternative Service of Process, filed on July 15, 2015 [D.E. 17] (the

"Motion for Alternative Service").

Defendant opposes Plaintiff's motion because it is doubtful that the alternative service

(using e-mail transmission) that Plaintiff proposes is effective under the law and consistent with

the United States' international treaty obligations. Attempting such alternative service is likely to

lead to even greater uncertainty as to when and if HTL-Strefa, S.A. (the "Foreign Defendant")

can be brought into the case. Plaintiff's alternative suggestion, that service on Defendant, a U.S.

subsidiary of the Foreign Defendant, be considered adequate service on Foreign Defendant is likewise inconsistent with international treaty obligations and recent United States Supreme Court precedent.

Plaintiff has been on notice since at least March 2015 that Defendant does not sell the accused device in the United States.  Moreover, Plaintiff claims to "know of at least one major [but unidentified] meter manufacturer that sells the "MediSafe Solo" single use lancet devices under private label," but has made no attempt to name this unnamed party in its Complaint. See Pantaleo Decl., Ex. 1.  Instead, Plaintiff waited until the eve of the deadline to add additional parties to this action to make a belated attempt to add the Foreign Defendant.

Now, realizing it is up against a tight schedule (a feature of this Court which Plaintiff certainly must have known about when it chose to bring this action here), Plaintiff asks this Court to allow the Plaintiff to circumvent the service of process protocols established by the Federal Rules of Civil Procedure ("FRCP"), the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 UST 361, TIAS No. 6638 (1969) (the "Hague Convention") and possibly Polish law, simply because following the rules would take too long. This is not a legitimate reason to ignore the directives of the Hague Convention, of which both the United States and Poland are signatories.

Further, both methods of alternative service suggested by the Plaintiff are inappropriate. Plaintiff first asks the Court to allow Plaintiff to serve the Foreign Defendant by email, despite the fact that Poland, the receiving country, has never agreed to accept service by email and has

specifically objected to other similar kinds of alternative service. Next, Plaintiff asks the Court to force Defendant to accept service on behalf of the Foreign Defendant. This would severely prejudice the Defendant, especially because, in the completely foreseeable event that the Foreign Defendant raises a personal jurisdiction defense, Plaintiff will very likely attempt to "pierce the corporate veil" and allege that Defendant is merely a shell of the Foreign Defendant. Defendant, while a subsidiary of the Foreign Defendant, is an entirely separate corporate entity. This Court should not allow Plaintiff to create a circumstance which Plaintiff could then turn around and use against the Defendant or Foreign Defendant in a future motion to dismiss.

## BACKGROUND FACTS

Defendant is a Georgia corporation that packages, sells and distributes medical instruments and equipment. In January 2010, Plaintiff contacted Defendant regarding Plaintiff's belief that the MediSafe Solo single use lancet device infringed certain of Plaintiff's patents. After a delay of more than five years, Plaintiff filed its Complaint in this action [D.E. 1] on February 13, 2015. On March 12, 2015, Defendant alerted Plaintiff that Defendant did not sell the MediSafe Solo lancet in the United States. In response, on March 20, 2015, Plaintiff claimed to "know of at least one major [but unidentified] meter manufacturer that sells the "MediSafe Solo" single use lancet devices under private label," but inexplicably never attempted to name this party in its Complaint. See Pantaleo Decl., Ex. 1.

Defendant filed its Answer and Counterclaim on June 11, 2015 [D.E. 7].  On June 23, 2015, the Court issued its Scheduling Order [D.E. 9], setting the deadline to add additional

AM 53451828.1

parties for July 21, 2015. Then, on July 6, 2015, merely two weeks before the deadline and nearly four months after first learning that Defendant was not responsible for the accused device's sale in the United States, Plaintiff filed its Amended Complaint [D.E. 12] attempting to add the Foreign Defendant to the case. Plaintiff, ostensibly recognizing the difficulty it faces in attempting to add the Foreign Defendant to this case, now brings this Motion for Alternative Service [D.E. 17], which is an attempt to circumvent the service of process protocol outlined by the Hague Convention. Plaintiff simultaneously filed its Motion to Continue [D.E. 19] seeking a ninety (90) day continuance of all pretrial and trial deadlines.

## ARGUMENT

### 1.    Plaintiff Should Serve Foreign Defendant via the Hague Convention

The Foreign Defendant is a Polish company, with its principal place of business in Poland and having no physical presence in the United States. There are two rules of federal civil procedure that apply to service of process upon international entities located outside the jurisdiction of the United States: FRCP 4(f) (Serving an Individual in a Foreign Country) and FRCP 4(h) (Serving a Corporation, Partnership or Association). The latter governs service here. Specifically, FRCP 4(h)(2) states, in relevant part: "Unless federal law provides otherwise or the defendant's waiver has been filed, a…foreign corporation…must be served…at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." FRCP 4(f)(1) states, in relevant part, that "an individual…may be served at a place not within any judicial district of the

United States by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."   Both the United States and Poland are signatories to the Hague Convention. <u>See</u> <u>Caytas v. Maruszak</u>, No. 06 Civ. 985(LTS)(DCF), 2009 WL 666768 at *1 (S.D.N.Y. March 6, 2009).   Accordingly, the terms of the Hague Convention dictate how Plaintiff must serve the Foreign Defendant in this case.

Plaintiff makes two general arguments to support its position that it need not serve the Foreign Defendant via the Hague Convention. Neither is persuasive and, as a result, any attempt to make such "alternative service" will be of dubious validity. The uncertainty caused by questionable service of process will add even more uncertainty to the quagmire caused by Plaintiff's belated effort to include the Foreign Defendant in this case.

First, Plaintiff argues that "properly serving the Foreign Defendant…could require substantial additional time if international agreements and protocol are strictly followed." Motion for Alt. Service [D.E. 17 at 3]. Plaintiff laments the fact that "such methods are prolonged and delay the swift administration of justice in this case." <u>Id</u>. at 1.  Of course, Plaintiff does not mention that on March 12, 2015, Defendant alerted Plaintiff to the fact that Defendant was not responsible for the accused device's sale in the United States.  Plaintiff then waited over four months to amend its Complaint to include the Foreign Defendant.  This is time that could have been spent effecting proper service on the Foreign Defendant via the Hague Convention. More importantly though, Plaintiff does not cite a single case from this Circuit that supports the

AM 53451828.1

5

position that litigants may ignore the Hague Convention simply because there are faster methods of service available.  Indeed, none of Plaintiff's cited cases, including those from other Circuits, support this proposition. This makes sense. If courts allowed litigants to serve process by whatever means is fastest, all international service of process agreements would be rendered useless.

Plaintiff next argues that it can avoid serving the Foreign Defendant via the Hague Convention because of FRCP 4(f)(3), which permits service "by other means not prohibited by international agreement." Id. at 4.  Plaintiff cites a Ninth Circuit case to support its position that FRCP 4(f)(3) "stands independently and on equal footing with" the other subsections of FRCP 4(f). Id.  However, Plaintiff cites no authority for the proposition that a plaintiff may serve a foreign corporation pursuant to 4(f)(3) in situations where an international treaty applies or service pursuant to 4(f)(1) was not first attempted. In fact, Plaintiff's own cited cases undercut its position:

In Brookshire Bros., LTD v. Chiquita Brands Int'l, No. 05-CIV-21962, 2007 WL 1577771 (S.D. Fla. May 31, 2007), the court authorized service on a foreign corporation pursuant to 4(f)(3) only *after* "the Plaintiffs' attempts to perfect service under Rule 4(f)(1) for over a year had come to naught." Id. at *2.

Similarly, in Chanel Inc. v. Zhixian, No. 10-cv-60585, 2010 WL 1740695 (S.D. Fla. April 29, 2010), the court authorized service on a Chinese defendant pursuant to 4(f)(3) only after finding that the Hague Convention did not apply to this case because the Convention itself

states that it "shall not apply where the address of the person to be served with the document is not known." Id. at *2. Indeed, the court confirmed the primacy of 4(f)(1) in cases where the Hague Convention applies: "If the Hague Service Convention applies, the parties must first attempt to effectuate service by the means designated in the Convention." Id.

Finally, in Tracfone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV, 268 F.R.D. 687 (S.D. Fla. 2010), the court authorized service via 4(f)(3) on a Honduran company only after finding that "the parties agree that there are no 'internationally agreed means' upon which to serve Defendant because Honduras is not party to the Hague Service Convention or a signatory to any other potentially relevant conventions. Thus, Rule 4(f)(2) and (f)(3) governs service of process on Defendant." Id. at 690.

These cases confirm that in this District, where an international agreement applies, a plaintiff must attempt to serve a foreign defendant pursuant to 4(f)(1) before it may attempt service pursuant to 4(f)(3). Here, Plaintiff has not attempted to serve the Foreign Defendant pursuant to the Hague Convention, despite acknowledging that the Convention applies to the parties in this case. For that reason, Plaintiff's motion should be denied.

Further, the Eleventh Circuit has held that whether the alternative method of service is allowed by the laws of the receiving country is a pivotal consideration in the 4(f)(3) analysis. See Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries, 353 F.3d 916 (11th Cir. 2003). This goes beyond simply alleging that the foreign country has not objected to the particular type of service. Id. at 923-25. Prewitt cites the 1993 Advisory Committee Notes to

AM 53451828.1

7

Fed.R.Civ.P. 4(f)(3), which instruct that: "Paragraph (3) authorizes the court to approve other methods of service not prohibited by international agreements.... Inasmuch as our Constitution requires that reasonable notice be given, an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law." Id. at 927.  The Court held that even though Austria had not officially prohibited service by email or fax in the context of international service, the fact that Austrian law did not allow service by these means meant that an American court ordering service by these means was an "offense to foreign law." Id.    Plaintiff does not state whether it believes Polish law allows for service by email. It is unclear whether Plaintiff has even researched this question.  Defendant has reason to believe that Polish law prohibits service of process by email.

## 2.   Plaintiff's Suggested Methods of Alternative Service Are Inappropriate

Even if this Court finds that Plaintiff may take advantage of 4(f)(3) before attempting to serve the Foreign Defendant pursuant to 4(f)(1), it should still deny Plaintiff's motion because Plaintiff's two suggested methods of alternative service are inappropriate.

### A.    Substituted Service on Defendant is Inappropriate

Plaintiff asks this Court to force Defendant to accept service on behalf of the Foreign Defendant. See Motion for Alt. Service [D.E. 17 at 6-7].  However, Plaintiff cites no case from any jurisdiction where a court forced an American subsidiary to accept service on behalf of a foreign parent company, against the subsidiary's will.

Further, forcing Defendant to accept service on behalf of the Foreign Defendant would

severely prejudice Defendant. If at some point in the future the Plaintiff properly serves the Foreign Defendant, Defendant foresees that Foreign Defendant may then assert a defense based on personal jurisdiction. In response, Plaintiff may attempt to "pierce the corporate veil" and allege that Defendant is a shell or alter ego of the Foreign Defendant.  Defendant will then have to show that it is a separate corporate entity from the foreign parent. Acceptance of service of process on behalf of the foreign parent is one factor courts use to determine whether the American subsidiary is dominated by the foreign parent. Accordingly, it would be patently unfair to force Defendant to engage in conduct that may eviscerate one of its potential defenses.

### B.       Service on a Polish Company by E-Mail is Inappropriate

The United States and Poland are signatories to the Hague Convention. See Caytas, 2009 WL 666768 at *1.  The primary method of service under the Hague Convention is through the Central Authority established by each member state. However, Article 10(a) of the Hague Convention states that "[p]rovided the State of destination does not object, the present Convention shall not interfere with…the freedom to send judicial documents, by postal channels, directly to persons abroad."   Federal courts are split as to whether this language allows service of process through the mail, or if it only allows litigants to "send" documents through the mail. Compare Akermann v. Levine, 788 F.2d 830, 839-40 (2d Cir. 1986) (the word "send" was intended to mean "service" in Article 10(a)) with Bankston v. Toyota Motor Corp., 889 F.2d 172 (8th Cir. 1989) ("send" does not mean "serve" or "service" in Article 10(a)).

This Court has taken both sides of the argument. Compare ARCO Electronics Control

AM 53451828.1

LTD. v. Core Int'l, 794 F.Supp. 1144 (S.D. Fla. 1992) (service of process via postal channels impermissible under Article 10(a) of the Hague Service Convention because of the difference between the language used in Article 10(a) and the language used in the rest of the Convention) with TracFone Wireless, Inc. v. Sunstrike Int'l Ltd., No. 10-24386-CIV, 2011 WL 1319022 (S.D. Fla. 2011) (Article 10(a) of the Hague Service Convention permits service of process via postal channels). Accordingly, it is not entirely clear that this District even reads Article 10(a) to allow service of process by means other than service on the Central Authority.

However, even if this Court decides that Article 10(a) allows service by other means, the other means of service cannot be ordered where the receiving state objects to that type of service. Poland objects to service by mail pursuant to Article 10(a) of the Hague Convention. See Caytas, 2009 WL 666768 at *1. Defendant has found no official statement by Poland regarding service by email, but it stands to reason that since Poland has objected to service by mail, it would object to service by electronic mail. Further, Defendant has reason to believe, based on its own research, that the laws of Poland do not allow service by email – a topic Plaintiff's motion completely ignores.

Plaintiff points to no cases in this District, nor even in this Circuit, that allow service by email to a party located in a country that has objected to service by mail. As discussed above, the cases in this District that allow for substituted service only do so when the plaintiff's address is unknown. See, e.g., Chanel Inc., 2010 WL 1740695; Chanel Inc. v. acheterchanel.com, No. 12-CV-21854, 2012 WL 3544844 (S.D. Fla. Aug. 12, 2012) ("Plaintiff showed that defendants

AM 53451828.1

conduct business extensively, if not exclusively, through their Internet websites and correspond regularly with customers via email. Furthermore, defendants do not disclose their physical addresses or location of incorporation [and t]hrough its investigations, plaintiff has shown that email ... [is] likely to reach defendants"); Under Armour, Inc. v. 51nfljersey.com, No. 13-62809-CIV, 2014 WL 644755 (S.D. Fla. Feb. 19, 2014).  Plaintiff knows the Foreign Defendant's address. Foreign Defendant is not an online retailer with no physical presence.

Further, Plaintiff offers no evidence that the email address by which it seeks to serve the Foreign Defendant is an appropriate one. Plaintiff states that it wishes to serve an email address listed as "info@htl-strefa.pl."  This is clearly not the personal email address of someone at HTL-Strefa, S.A.  Plaintiff has not taken any steps to verify that this email address is active or monitored by any employee of HTL-Strefa, S.A., or by anyone who would be able to accept service or even know what to do with American legal papers.  There is just as much of a chance that this address is used for marketing or customer service purposes, which could be administered by a third party. And there is no evidence that an employee monitoring the email address would be compelled by Polish law to forward such service on to HTL-Strefa, S.A.  In other words, Plaintiff has not engaged in any investigations to show that an email sent to this email address is "likely to reach" the Foreign Defendant. See Chanel, Inc., 2012 WL 3544844.

## CONCLUSION

In sum, Plaintiff has maintained its suit against a party that does not sell the accused product, conspicuously avoided filing suit against the unnamed party it claims to know is selling

AM 53451828.1

the accused products and then made a belated attempt to bring in a Foreign Defendant that is unlikely to be subject to jurisdiction through dubious alternative means of process serving that will only complicate an already complicated schedule and trial calendar. Accordingly, this Court should deny Plaintiff's motion for alternative service and direct the Plaintiff to effect service pursuant to the Hague Convention.

For all of the reasons stated above, Defendant respectfully requests that this Court:

1.      deny Plaintiff's Motion for Alternative Service;

2.      order Plaintiff to serve the Foreign Defendant pursuant to the terms of the Hague Convention; and

3.      grant any such further relief that this Court seems just, equitable and proper.

Respectfully submitted,

Dated:  July 29, 2015                          **LOCKE LORD LLP**

By: *s/ Brian Pantaleo*
Brian S. Pantaleo
Florida Bar No. 99932
525 Okeechobee Blvd., Suite 1600
West Palm Beach, FL 33401
Telephone:      561-833-7700
Facsimile:      561-655-8719
Brian.pantaleo@lockelord.com

Michael Bednarek (*pro hac vice pending*)
701 8th Street, N.W., Suite 700
Washington, D.C. 20001
Telephone:      202-220-6924
Facsimile:      202-220-6945
Michael.bednarek@lockelord.com

Jeffrey S. Kramer (*pro hac vice pending*)
Three World Financial Center, 20th Fl.
New York, NY 10281
Telephone:          646-217-7722
Facsimile:          212-303-2754
jkramer@lockelord.com

*Attorneys for Defendant HTL-Strefa, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 29, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that a true and correct copy of the foregoing was served on all counsel of record listed below via transmission of Notices of Electronic Filing generated by the CM/ECF system.

John Cyril Malloy, III
jcmalloy@malloylaw.com
Peter A. Matos
pmatos@malloylaw.com
Oliver A. Ruiz
oruiz@malloylaw.com
John Fulton, Jr.
jfulton@malloylaw.com
W. John Eagan
jeagan@malloylaw.com
**MALLOY & MALLOY, P.L.**
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone:          (305) 858-8000
Facsimile:          (305) 858-0008

*Attorneys for Plaintiff*

s/ *Brian S. Pantaleo*
Brian S. Pantaleo

AM 53451828.1