UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 15-20590-CIV-MORENO**

STAT MEDICAL DEVICES, INC.,
a Florida corporation,

        Plaintiff,

  vs.

HTL-STREFA, INC.,
a Georgia corporation,

and,

HTL-STREFA S.A.,
a foreign corporation,

        Defendants.
_____/

**REPLY MEMORANDUM IN REPONSE TO DEFENDANT HTL-STREFA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR COURT-DIRECTED ALTERNATIVE SERVICE OF PROCESS**

    Defendant, Stat Medical Devices, Inc. ("Stat"), by and through its undersigned counsel, and pursuant to S.D. Fla. L.R. 7.1, hereby submits its Reply Memorandum in response to Defendant HTL-Strefa, Inc.'s Memorandum of Law in Opposition To Plaintiff's Motion For Court-Directed Alterative Service of Process [D.E. 24] ("Opposition"), and states as follows:

    1.    There is no requirement for Stat to attempt service of process on the Foreign Defendant HTL-Strefa S.A. under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"),[1] or by any of the other methods enumerated in Fed. R. Civ. P. 4(f)(1) or 4(f)(2) before seeking approval to pursue alternative service under Fed.

---

[1] Convention done at the Hague Nov. 15, 1965, art. 10(a), 20 U.S.T. 361, 658 U.N.T.S. 163, C.T.S. 1989/2.

1

R. Civ. P. 4(f)(3). See Fru Veg Mktg. v. Vegfruitworld Corp., 896 F. Supp. 1175, 1182 (S.D. Fla. 2012); Tracfone v. Britton, 278 F.R.D. 687, 691-92 (S.D. Fla. 2012). See also Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002)("[c]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)").

2. Service of process via substituted service or email is appropriate under Fed. R. Civ. P. 4(f)(3). Moreover, "as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country.'" Fru Veg Mktg. v. Vegfruitworld Corp., 896 F. Supp. 1175, 1182 (S.D. Fla. 2012)(citing Rio Props., Inc., 284 F.3d at 1014).

**I.   BACKGROUND**

The basis for Stat's decision to file its original Complaint for patent infringement against Defendant HTL-Strefa, Inc. is quite simple. A brochure[2] directed to the accused MediSafe Solo single use lancet device which was readily available and accessible to persons in the United States via at least the websites, www.htl-strefa.pl and www.htl-strefa.com (hereinafter "the HTL websites"), clearly stated:

and,

        **Distributed in the US by:**
        **HTL-STREFA, Inc.**
        3005 Chastain Meadows Pkwy, Suite 300,
        Marietta, GA 30066, USA
        T: +1 770 528 0410,  F: +1 770 528 0411
        **info@htl-strefa.com • www.htl-strefa.com**

        **Manufactured by:**
        **HTL-STREFA S.A.**
        Adamowek 7,
        95-035 Ozorkow, Poland
        T: +48 22 587 05 72,  F: +48 22 811 05 36
        **info@htl-strefa.pl • www.htl-strefa.pl**

Based on this brochure, and samples of the accused MediSafe Solo single use lancet devices obtained by Stat at a trade show in the United States, Stat has reason to believe that

---

[2] A true and correct copy of this brochure was filed with the original Complaint as Exhibit F [D.E. 1-8].

2

Defendant HTL-Strefa, Inc. is, at a minimum, importing the MediSafe Solo single use lancet devices manufactured by Foreign Defendant HTL-Strefa S.A., to be sold or otherwise distributed in the United States.

Stat filed its original Complaint and forwarded a copy to Defendant HTL-Strefa, Inc. prior to service in the hopes of opening a dialogue and resolving this matter without resort to full blown litigation. Unfortunately, rather than engaging in any serious dialogue, Defendant HTL-Strefa, Inc. elected to hide behind carefully crafted partial disavowals of the infringing activities of which it is accused. This is evidenced in the email exchange between the undersigned and counsel for Defendant HTL-Strefa, Inc., which Defendant HTL-Strefa, Inc. deemed necessary to incorporate into its Opposition via the Declaration of Brian S. Pantaleo as Exhibit 1 [D.E. 26-1].

It is noteworthy that, to date, Defendant HTL-Strefa, Inc. has yet to unequivocally deny that it had made or used in the United States, or imported into the United States the accused MediSafe Solo devices.

On June 23, 2015, the Court issued its Scheduling Order Setting Trial [D.E. 9], including a deadline of July 21, 2015 to join additional parties. In view of the lack of any meaningful discourse with Defendant HTL-Strefa, Inc., Stat had no alternative than to file its First Amended Complaint [D.E. 12], and add Foreign Defendant HTL-Strefa S.A., a Polish company, to the present action.

With the foregoing understanding of the factual background underlying the present matter, Stat responds to the Opposition of Defendant HTL-Strefa, Inc.

II.   **MEMORANDUM OF LAW**

   A.   **The Hague Convention Does Not Dictate How Stat Must Serve HTL-Strefa S.A.**

Contrary to the assertions in the Opposition [D.E. 24 pg. 6], Stat provided authority which makes it clear that Stat need not attempt service on Foreign Defendant HTL-Strefa S.A. in accordance with Fed. R. Civ. P. 4(f)(1), i.e., service under the Hague Convention, prior to seeking court-directed alternative service under Fed. R. Civ. P. 4(f)(3).

To begin, in Fru Veg Mktg. v. Vegfruitworld Corp., 896 F. Supp. 1175 (S.D. Fla. 2012), the plaintiff requested court-directed alternative service under Fed. R. Civ. P. 4(f)(3) for several foreign defendant corporations organized under the laws of Peru, Guatemala, and Colombia,

3

respectively. Each of these three countries are signatories to the Inter-American Service Convention ("IASC"), as is the United States. Regardless, and prior to any attempt at service under the IASC, or any other provision under Fed. R. Civ. P. 4(f)(1) or 4(f)(2), the Court granted plaintiff's motion for court-directed alternative service via international courier, email, and U.S. mail to their local counsel. Id. at 1183. Therefore, in the exact situation where an international treaty with respect to service applied pursuant to Fed. R. Civ. P. 4(f)(1), a Court in this District granted court-directed alternative service under Fed. R. Civ. P. 4(f)(3) <u>before</u> any attempt at service was made under an existing international agreement.

Likewise, in a case which is quite analogous to the present case, plaintiff filed a request to permit alternative service via email to a company located in Poland, and the court granted plaintiff's motion for alternative service via email, <u>before</u> any attempt was made to serve the Polish company under the Hague Convention. <u>Lexmark Int'l, Inc. v. Ink Techs, Printer Supplies, LLC</u>, 295 F.R.D. 259, 261-262 (S.D. Ohio 2013). The court in <u>Lexmark</u> did recognize that Poland is a signatory to the Hague Convention, and further, the court acknowledged that Poland objects to Article 10 with respect to service via postal channels. <u>Id</u>.

These decisions are consistent with the plain meaning of Fed. R. Civ. P. 4(f), which provides "choices" of acceptable methods of service, with no preferential weight given to one method over another. See <u>Brookshire Bros., Ltd. v. Chiquita Brands Int'l</u>, 2007 U.S. Dist. LEXIS 39495 at *5 (S.D. Fla. May 31, 2007); <u>see also</u> <u>Fru Veg Mktg.</u>, 896 F. Supp. at 1182 (S.D. Fla. 2012)("Service pursuant to Rule 4(f)(3) is 'neither a last resort nor extraordinary relief . . . . It is merely one means among several which enables service of process on an international defendant.'")(citing <u>Rio Props., Inc.</u>, 284 F.3d at 1014); <u>Tracfone v. Britton</u>, 278 F.R.D. 687, 691-92 (S.D. Fla. 2012)("Despite coming last in the list of available methods of service in Rule 4(f), there is no indication from the plain language of the Rule that the three subsections, separated by the disjunctive 'or,' are meant to be read as a hierarchy.").

Furthermore, Fed. R. Civ. P. 4(f)(3) allows a foreign corporation to be served "by other means not prohibited by international agreement, as the court orders." Accordingly, so long as the method of service sought is not prohibited by international agreement, the court may direct service of process as will provide adequate notice and due process. Fed. R. Civ. P. 4(f)(3). Thus, the Court clearly has discretion under Fed. R. Civ. P. 4(f)(3) to provide alternative methods of service. "[T]he plain language of the rule stipulates that the district court 'may' direct alternative means of

4

service." Prewitt Enters. v. OPEC, 353 F.3d 916, 921 (11th Cir. 2003)(citing Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002)).

Defendant HTL-Strefa, Inc. argues, albeit incorrectly, that alternative service under Rule 4(f)(3) is permissible only after Stat has attempted service under Rule 4(f)(1). Specifically, Defendant HTL-Strefa, Inc. states that "the court authorized service on a foreign corporation pursuant to 4(f)(3) **only *after*** 'the plaintiff's attempts to perfect service under Rule 4(f)(1) for over a year had come to naught.'" [D.E. 24 pg. 6](quoting Brookshire Bros., Ltd., 2007 U.S. Dist. LEXIS 39495 at *5)(emphasis added). Thus, Defendant HTL-Strefa, Inc. would have this Court believe that an attempt to serve a party under Rule 4(f)(1) is a condition precedent to permitting alternative service under Rule 4(f)(3). However, the fact of the matter is that the plaintiff in Brookshire Bros., Ltd. voluntarily opted not to bring its motion for alternative service until expending efforts for over a year under its own initiative, at which time, it finally petitioned the Court to permit alternative service, and the Court promptly granted the requested relief. The Court acknowledged that "district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements. See Prewitt Enters. v. OPEC, 353 F 3d 916, 921, 927 (11th Cir. 2003)." Brookshire Bros., Ltd., 2007 U.S. Dist. LEXIS 39496 at *5 (S.D. Fla. May 31, 2007).

Similarly, in Tracfone Wireless, Inc. v. Distelec Distribuciones Electronicas, 268 F.R.D. 687 (S.D. Fla. 2010), although the court authorized service via Rule 4(f)(3) on a Honduran company after finding that Rule 4(f)(1) was inapplicable, the Court never stated or even suggested that had Rule 4(f)(1) been applicable, plaintiff would have been required to attempt service thereunder prior to proceeding with alternative means of service. Rather, the Court simply stated that Rule 4(f)(1) did not apply and, "[t]hus, Rule 4(f)(2) and (f)(3) governs service of process on Defendant." Id. at 690.

As a final matter, Defendant HTL-Strefa, Inc. relies upon what appears to be quasi-dicta in support of its argument. In Chanel, the Court stated "[i]f the Hague Service Convention applies, the parties must first attempt to effectuate service by the means designated in the Convention. See Fed. R. Civ. P. 4(f)(1)." Chanel, Inc. v. Zhixian, 2010 U.S. Dist. LEXIS 50745 at *6. (S.D. Fla. Apr. 29, 2010). The Court in Chanel, however, did not reach the foregoing in making its decision, as it almost immediately thereafter found that "the Hague Service Convention does not apply." Id. Moreover, the Court in Chanel acknowledged that "the decision to issue an order allowing service

5

by alternate means lies solely within the discretion of the district court." Id. at *7. (quoting Chanel, Inc. v. Lin, No. 08-23490-CIV, 2009 U.S. Dist. LEXIS 36741, 2009 WL 1034627 at *1 (S.D. Fla. Apr. 16, 2009))(citing Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries, 353 F.3d 916, 921 (11th Cir. 2003)). Further, the Court in Chanel cited to Rio Props., Inc. which, among other things, stands for the proposition that plaintiff need not attempt "every permissible means of service of process before petitioning the court for alternative relief." Chanel, Inc., 2010 U.S. Dist. LEXIS 50745 at *10-11 (citing Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d at 1016).

Therefore, and although Stat may elect to pursue service of Foreign Defendant HTL-Strefa S.A. in accordance with the provisions of the Hague Convention,[3] there is no requirement for Stat to attempt service upon Foreign Defendant HTL-Strefa S.A. under Rule 4(f)(1) via the Hague Convention, or otherwise, before this Court can grant Stat's Motion for Court-Directed Alternative Service of Process under Rule 4(f)(3).

**B. Service of Process Via Substituted Service or Email is Appropriate Under Fed. R. Civ. P. 4(f)(3).**

**1. Service Upon Defendant HTL-Strefa, Inc. Should Be Effective Upon Foreign Defendant HTL-Strefa S.A. Given Their Shared Corporate Control and Governance and Joint Worldwide Marketing Efforts.**

Despite Defendant HTL-Strefa, Inc.'s present attempts to now distance itself from its parent corporation, Foreign Defendant HTL-Strefa S.A., defendants appear inextricably entwined. Defendant HTL-Strefa, Inc. has gone to great lengths to oppose Stat's attempt to expedite service on Foreign Defendant HTL-Strefa S.A., even via email directly to Foreign Defendant HTL-Strefa S.A., which is inconsistent with the picture of the separate, distinct and distant relationship between the defendants which Defendant HTL-Strefa, Inc. now attempts to paint. In fact, Defendant HTL-Strefa, Inc. acknowledges that it is a wholly owned by its parent corporation Foreign Defendant HTL-Strefa S.A. [D.E. 11]. Moreover, HTL's website states that Defendant HTL-Strefa, Inc. was established as a U.S. subsidiary in 2007 [D.E. 17-2 pg. 3], and likely remains

---

[3] Stat has contacted several commercial process servers, and has been advised that service to a corporation in Poland via the Hague Convention would likely require at least 4 to 5 months.

so today. Furthermore, as stated on its website,[4] Mr. Tomasz Walesa is Foreign Defendant HTL-Strefa S.A.'s Chief Executive Officer and President of its Management Board since 2011, is also acting President and Chairman of the Board of its U.S. subsidiary, Defendant HTL-Strefa, Inc.

Further, and again, despite Defendant HTL-Strefa, Inc.'s indication that it has no connection with or apparent control over the HTL websites or their content, the brochure for the MediSafe Solo single use lancing device as it appeared when attached to the original Complaint [D.E. 1-8] has been altered since the original Complaint was filed. This is evidenced by the brochure for the MediSafe Solo single use lancing device attached to the First Amended Complaint as Exhibit F [D.E. 12-6]. Specifically, instead of stating: "Distributed in the US by: HTL-Strefa, Inc.", the brochure now states: "Contact in the US HTL-Strefa, Inc."[5]

Additionally, Defendant HTL-Strefa, Inc. has admitted that it distributes products of Foreign Defendant HTL-Strefa S.A. "in the United States (and elsewhere)." [D.E. 26-1 pg. 2]. Furthermore, the HTL websites include numerous other product brochures which identify Defendant HTL-Strefa, Inc. as the U.S. distributor and Foreign Defendant HTL-Strefa S.A. as the manufacturer of the products. For example, brochures were obtained from the HTL websites for Defendants' MediLance Plus, Ergolance, Acti-Lance, Prolance, and Haemolance Plus safety lancets, as well as Defendants' Droplet pen needles and personal lancets devices, and these brochures are presented in Exhibits 2 through 8 of the Declaration of John Fulton, Jr., attached hereto.

Therefore, in view of the foregoing, and once again contrary to Defendant HTL-Strefa, Inc.'s attempts to now distance itself from its parent company, it is unfathomable to imagine that service of process upon Defendant HTL-Strefa, Inc. would not provide adequate notice and comport with due process requirements as to Foreign Defendant HTL-Strefa S.A.

---

[4] A true and correct copy of a printout of the referenced portions of the HTL-Strefa website is presented in Exhibit 1 of the Declaration of John Fulton Jr., attached hereto.

[5] This of course begs the question, if Defendant HTL-Strefa, Inc. is not "selling" or "offering to sell" or otherwise distributing the accused MediSafe Solo single use lancet device in the United States, why does Defendant HTL-Strefa, Inc.'s contact information still appear on a revised brochure for the accused device. More in particular, for what possible non-infringing purpose would a third party have to "contact" Defendant HTL-Strefa, Inc. regarding the MediSafe Solo single use lancet device?

7

### 2. Defendant Has Failed To Show That Service Via Email To A Defendant In Poland Is Prohibited Under Any International Agreement or Polish Law.

Several courts have found service by email a suitable method of service for individuals or corporations located in countries which are signatories to the Hague Convention, including countries and that have objected to Article 10 thereof, such as Poland. See Lexmark Int'l Inc., 295 F.R.D. at 261-62 ("various courts have agreed that service by email is not prohibited by the Hague Convention," even when a country objects to Article 10, as Poland has done); WhosHere, Inc. v. Orun, 2014 U.S. Dist. LEXIS 22084 at *8-9 (E.D. Va. Feb. 20, 2014); FTC v. PCCare247 Inc., 2013 U.S. Dist. LEXIS 31969 at *3-4 (S.D.N.Y. March 7, 2013); FTC v. Pecon Software LTD., 2013 U.S. Dist. LEXIS 111375 at *12 (S.D.N.Y. August 7, 2013); Facebook Inc. v. Banana Ads, LLC, 2012 U.S. Dist. LEXIS 42160 at *2 (N.D. Cal. March 27, 2012); Gurung v. Malhotra, 279 F.R.D. 215, 219-20 (S.D.N.Y. 2011).

Further, and as stated above, the Court is not limited to permitting alternative service only when a plaintiff's address is unknown. Rather, the Court has "broad discretion" to direct alternative means of service under Fed. R. Civ. P. 4(f)(3) when the service is (a) consistent with due process and (b) *not prohibited by international agreement*. See Prewitt Enterprises, Inc., 353 F.3d at 921; Brookshire Bros., 2007 U.S. Dist. LEXIS 39495 at *2 (S.D. Fla. May 31, 2007)(emphasis added).

Defendant HTL-Strefa, Inc. has failed to provide any evidence that any international agreement or any Polish law expressly prohibits service by email. Rather, Defendant HTL-Strefa, Inc. merely opines that:

> Defendant has found no official statement by Poland regarding service by email, but it stands to reason that since Poland has objected to service by mail, it would object to service by electronic mail. **Further, Defendant has reason to believe, based on its own research, that the laws of Poland do not allow service by email** - a topic Plaintiff's motion completely ignores. Opp. [D.E. 24 pg. 10](emphasis added)

It is interesting to note that Defendant HTL-Strefa, Inc. appears to fault Stat for not providing affirmative support that email service is acceptable under Polish Law, yet it fails to cite the results of "its own research."

8

Regardless, Defendant HTL-Strefa, Inc.'s "belief" that Polish law prohibits service of process by email is irrelevant, as it is international agreement, not Polish Law which dictates. As such, Defendant HTL-Strefa, Inc.'s reliance upon Prewitt, is basically the same argument put forth, unsuccessfully, by the defendant in an attempt to block service to a corporation located in Honduras. Tracfone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A., 268 F.R.D. 687, 690-91 (S.D. Fla. 2010). In Tracfone, the Court addressed the defendant's argument that "[i]n Prewitt, the Eleventh Circuit found that the lower court did not abuse its discretion in denying the plaintiff leave to serve the defendant in a manner that was expressly prohibited by Australian (sic) law." Id. The Court found Prewitt to be "inapposite" and it cited several authorities, mainly Rio Props., Inc., for the proposition that as long as the method of service *is not prohibited by an international agreement* and allowed under the district court's discretion, service of process can be accomplished "in contravention of the laws of the foreign country." Id. (emphasis added).

As a final matter, Defendant HTL-Strefa, Inc. expresses concern that the email address listed on the HTL websites, i.e., info@htl-stefa.pl, is not the personal email address of someone at Foreign Defendant HTL-Strefa S.A. [D.E. 24 pg. 11]. As such, Stat further proposes to forward service via email to Mr. Tomasz Walesa via his email address at tomasz.walesa@htl-strefa.pl. Mr. Walesa is the Chief Executive Officer and President of the Management Board of Foreign Defendant HTL-Strefa S.A. and, according to the HTL websites, is the acting President and Chairman of the Board of Defendant HTL-Strefa, Inc. Stat has confirmed that the email address tomasz.walesa@htl-strefa.pl is valid and active, having recently proffered a Notice of Lawsuit and Request to Waive Service of Summons to Mr. Walesa via this email address. Copies of the email communications to Mr. Walesa, less attachments, and corresponding delivery confirmations and read receipts are presented in Exhibit 9 of the Declaration John Fulton, Jr., attached hereto.[6]

WHEREFORE, Plaintiff, Stat Medical Devices, Inc., respectfully requests that this Court enter an Order Granting Plaintiff's Motion for Court-Directed Alternative Service of Process.

---

[6] In Chanel, the Court found that "e-mails that did not bounce back presumptively reached Defendant." Chanel Inc. v. Zhixian, 2010 U.S. Dist. LEXIS 50745 at *11 (S.D. Fla. April 29, 2010). The Court in Chanel further concluded that "in this instance, service by e-mail satisfies due process." Id.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: <u>August 10, 2015</u> | By: <u>s/John Fulton, Jr.</u><br>John Cyril Malloy, III<br>jcmalloy@malloylaw.com<br>Florida Bar No. 964,220<br>Peter A. Matos<br>pmatos@malloylaw.com<br>Florida Bar No. 992,879<br>Oliver A. Ruiz<br>Florida Bar No. 524,786<br>oruiz@malloylaw.com<br>John Fulton, Jr.<br>Florida Bar No. 173,800<br>jfulton@malloylaw.com<br>W. John Eagan<br>jeagan@malloylaw.com<br>Florida Bar No. 105,101<br>MALLOY & MALLOY, P.L.<br>2800 S.W. Third Avenue<br>Miami, Florida 33129<br>Tel:     (305) 858-8000<br>Fax:    305) 858-0008<br>E-Mail: jfulton@malloylaw.com<br><br>*Counsel for Plaintiff*<br>*STAT MEDICAL DEVICES, INC.* |

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 15-20590-CIV-MORENO

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 10, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that a true and correct copy of the foregoing was served on all counsel of record listed below via transmission of Notices of Electronic Filing generated by CM/ECF system.


Brian S. Pantaleo
brian.pantaleo@lockelord.com
Florida Bar No. 99932
LOCKE LORD LLP
525 Okeechobee Blvd., Suite 1600
West Palm Beach, FL 33401
Telephone:   (561) 833-7700
Facsimile:   (561) 655-8719


Michael Bednarek
michael.bednarek@lockelord.com
LOCKE LORD LLP
701 8th Street, NW
Suite 700
Washington D.C. 20001
Telephone:   (202) 220-6900


Jeffrey Kramer
jkramer@lockelord.com
LOCKE LORD LLP
3 World Financial Center
Suite 2001
New York, NY 10281-2101
Telephone:   (212) 415-8600

                s/John Fulton, Jr.
                John Fulton, Jr.