UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-20590-CIV-MORENO/O'SULLIVAN

STAT MEDICAL DEVICES, INC.,

Plaintiff,

vs.

HTL-STREFA, INC., a Georgia corporation,
and HTL-STREFA S.A., a foreign corporation,

Defendants.

/

**ORDER**

THIS MATTER comes before the Court on the Plaintiff's Motion for Court-Directed Alternative Service of Process and Incorporated Memorandum of Law (DE# 17, 7/15/15). All pretrial matters were referred to the undersigned by the Honorable Federico A. Moreno, United States District Judge, pursuant 28 U.S.C. § 636 and the Magistrate Rules of this Court. (DE# 8, 6/23/15). Having reviewed the motion, response and reply and having heard argument and being duly advised in the premises and the applicable law, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Court-Directed Alternative Service of Process and Incorporated Memorandum of Law (DE# 17, 7/15/15) is GRANTED as more fully explained below.

DISCUSSION

The plaintiff seeks to serve the foreign defendant in Poland via electronic mail ("email") or alternatively, by substituted service on the related U.S. entity, defendant HTL-Strefa, Inc., by serving its registered agent and/or counsel appearing on the domestic defendant's behalf in this action. Motion at 3 (DE# 17, 7/15/15).

The domestic defendant argues that the plaintiff's motion for alternative service on the foreign defendant should be denied on the following grounds: 1) the slowness of service by the Hague Convention (i.e. up to 6 months) is not a legitimate reason to ignore the directives of the Hague Convention; 2) email service is inappropriate because Poland has specifically objected to other similar kinds of alternative service, including mail and international courier; 3) forcing the domestic defendant to accept service on behalf of its parent company would severely prejudice the domestic defendant in the event the foreign defendant raises a personal jurisdiction defense; and 4) questionable service of process by alternative means in this action will add uncertainty to the "quagmire caused by the plaintiff's belated effort to include the Foreign Defendant in this case." Response 4-5 (DE# 24, 7/29/15). The defendant argues that the terms of the Hague Convention dictate how the plaintiff must serve the foreign defendant in this case.

The foreign defendant, HTL-Strefa, S.A., is a Polish company having a principal place of business in Poland with no physical presence in the United States, but three addresses in Poland, which the plaintiff acknowledges exist. Motion and Exhibit C (DE# 17-C, 7/15/15). The domestic defendant, HTL-Strefa, Inc., is a Georgia corporation that is a wholly-owned subsidiary of the foreign defendant. (DE# 11). The foreign defendant has an email address, i.e. info@htl-strefa.pl, listed on the Contact Page of the domestic defendant. According to the HTL websites, Mr. Tomasz Walesa is the Chief Executive Officer and President of the Management Board of the foreign defendant, HTL-Strefa, S.A. and is the acting President and Chairman of the Board of the domestic defendant HTL-Strefa, Inc. The plaintiff has confirmed that the email address for Mr. Walesa, tomasz.walesa@htl.strefa.pl, is valid and active, having recently proffered a Notice of Lawsuit and Request to Waive Service of Summons to Mr. Walesa via his personal email

address. See Ex. 9 to the Decl. of John Fulton, Jr. (DE# 31-10, 8/10/15).

The domestic defendant expresses concern that the email address listed on the HTL websites, i.e. info@htl-strefa.pl, is not the personal email address of someone at the foreign defendant. In its Reply, the plaintiff proposes to forward service via email to Mr. Tomasz Walesa via his email address at tomasz.walesa@htl-strefa.pl as well as the info@htl-strefa.pl email address of the foreign defendant and also serve the co-defendant's counsel. During the hearing, counsel for the plaintiff agreed not to use service on the domestic defendant's counsel to establish personal jurisdiction over the foreign defendant.

The United States and Poland are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). Convention done at the Hague November 15, 1965, art. 10(a), 20 U.S.T. 361, 658 U.N.T.S. 163, C.T.S. 1989/2. The Hague Convention "applies to all civil cases where there is an occasion to transmit a judicial document for service abroad." TracFone Wireless, Inc. v. Bitton, 278 F.R.D. 687, 688 (S.D. Fla. Jan 11, 2012) (citing Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 705 (1988) ("[C]ompliance with the Convention is mandatory in all cases to which it applies.")). "Many federal and circuit courts, including this Court and others in the Eleventh Circuit, have held that Article 10(a) permits service by mail unless the recipient State objects to this method." TracFone Wireless, 278 F.R.D. at 688 (citations omitted). Poland objects to Article 10 of the Hague Convention, which authorizes service by postal channels. The plaintiff concedes that Poland, thus, objects to service by mail. Motion at 5 (citing Lexmark Int'l, Inc. v. Ink Techs Printer Supplies, LLC, 295 F.R.D. 259, 261 (S.D. Ohio 2013)). Accordingly, service by mail or other postal channels are not allowed in Poland.

Two rules of federal civil procedure apply to service of process upon international entities located outside the jurisdiction of the United States: Rule 4(f) (Serving an Individual in a Foreign Country) and Rule 4(h) (Serving a Corporation, Partnership or Association). Fed. R. Civ. P. 4(f), 4(h). Rule 4(h) governs because the foreign defendant is a company. Rule 4(h)(2) authorizes service of process on a foreign company in the same "manner prescribed by Rule 4(f) for serving an individual, except personal delivery ...." Fed. R. Civ. P. 4(h)(2). Rule 4(f) provides three methods for service on an individual ... at a place not within any judicial district of the United States:

> (1) by any internationally agreed means ... that is reasonably calculated to give notice, such as those authorized by the Hague Convention ....;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
> (i) delivering a copy of the summons and of the complaint to the individual personally;
> (ii) using any form of mail that the clerk addresses or sends to the individual and that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(1)-(3).

The plaintiff relies on the third method of service. Rule 4(f)(3) requires that such service be: 1) directed by the court; and 2) not prohibited by international agreement. Lexmark Int'l, 295 F.R.D. at 260 (citation omitted). The chosen method of service must satisfy constitutional notions of due process, namely that the service of process be "reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections."

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950). Additionally, the court "must determine whether the facts and circumstances of the case warrant the exercise of its discretion to order alternative service." Lexmark Int'l, 295 F.R.D. at 261. The plaintiff seeks alternative service on the Polish entity on the ground that "properly serving the Foreign Defendant HTL-Strefa S.A. ... could require substantial additional time if international agreements and protocol are strictly followed... These methods ... would serve to expedite the service of process on the Foreign Defendant ... so that this case may proceed on the merits without sacrificing adequate notice or due process." Motion at 3 (citing Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002)).

The plaintiff argues that service of process by email to a defendant in Poland is not prohibited by international agreement. Id. (citing Lexmark Int'l, 295 F.R.D. at 261-62 (citations omitted)). The plaintiff argues further that service by email is widely used within the Eleventh Circuit and has comported with due process requirements. See Fru Veg Mktg., Inc. v. Vegfruitworld Corp., 986 F. Supp. 2d 1175, 1182-83 (S.D. Fla. 2012); TracFone Wireless, Inc. v. Bitton, 278 F.R.D. 687, 694 (S.D. Fla. 2012); U.S. Commodity Futures Trading Comm'n v. Aliaga, 272 F.R.D. 617, 621 (S.D. Fla. 2011).

In Fru Veg, the court granted the plaintiff's motion for court directed alternative service of process by Federal Express on the corporate defendants' addresses in Peru, Guatemala and Colombia. These countries subscribe to the Inter-American Service Convention which does not prohibit service by international courier or Federal Express. Fru Veg, 896 F. Supp. 2d at 1182. Additionally, the court permitted service by email on the corporate defendants' attorneys, who were located within the United States. The Fru Veg court followed the reasoning of the Ninth Circuit decision in Rio Props. Id. In Rio

Props., the Ninth Circuit explained that "[a]s long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." Rio Props., 284 F.3d at 1014. Additionally, the Ninth Circuit determined that Rule 4(f)(3) is "neither a last resort nor extraordinary relief ... It is merely one means among several which enables service of process on an international defendant." Id. at 1015. (quotations and citations omitted).

The Court has broad discretion to direct alternative methods of service under Rule 4(f)(3) when (a) consistent with due process and (b) not prohibited by international agreement. Prewitt Enter., Inc. v. Organization of Petroleum Exporting Countries, 353 F.3d 916, 921, 927 (11th Cir. 2003); see Rio Props., 284 F.3d at 1015. This Court and many other federal courts have permitted service by electronic mail and determined that an objection to Article 10 of the Hague Convention, i.e. an objection to service through "postal channels" does not equate to an express objection to service via electronic mail. See Lexmark Int'l, 295 F.R.D. at 261; see Rio Props., 284 F.3d at 1015; Gurung v. Malhotra, 279 F.R.D. 215, 220 (S.D.N.Y. 2011).

In Rio Properties, the foreign defendant was a Costa Rican entity that participated in an Internet sports gambling operation. The foreign defendant claimed an address in Miami when it registered the allegedly infringing domain names. The Miami address housed the foreign defendant's international courier, which was not permitted to accept service of process on behalf of the foreign defendant. The plaintiff sent a copy of the summons and complaint to the international courier at the Miami address. The plaintiff received a call from an attorney in California who asked for a complete copy of the complaint. The plaintiff asked the attorney to accept service on behalf of the foreign

defendant, but the attorney declined. The plaintiff's attempt to locate the foreign defendant in Costa Rica was unsuccessful. The plaintiff learned that the foreign defendant received mail at the Miami address and preferred communication through its email address. The court granted the plaintiff's motion for alternative service and authorized the plaintiff to serve the summons and complaint by email and by mail to the California attorney. The foreign defendant challenged the adequacy of the court-authorized service of process, the default judgment and the award of sanctions. The Ninth Circuit analyzed the appropriateness of the alternative service of process under Rule 4(f). The Ninth Circuit explained that "[b]eyond stating that service ordered under Rule 4(f)(3) must comport with constitutional notions of due process and must not be prohibited by international agreement, the advisory notes indicate the availability of alternative service of process under Rule 4(f)(3) without first attempting service by other means." Rio Props., 284 Fed. 3d at 1015.

In Lexmark Int'l Inc. v. Ink Techs Printer Supplies, LLC, 295 F.R.D. 259 (S.D. Ohio 2013), the district court authorized service via email on foreign defendants in Poland and China. The court found that email service was appropriate despite Poland and China's objection to Article 10 of the Hague Convention. Id. at 262. The Lexmark Int'l court found that the plaintiff's motion provided adequate information for the court to determine that the requested alternative service by email is reasonably calculated to reach the foreign defendants. Both foreign defendants provided email addresses on their websites. The plaintiff "verified that each of the email addresses at which it seeks to serve those [foreign defendants] is valid, and that communication has occurred with a representative of the respective Defendant at those email addresses." Id. The Lexmark Int'l court also found that the circumstances of the case warranted the alternative service. The case

was pending for approximately three years and the plaintiff encountered difficulties attempting to locate all of the defendants in the action. The plaintiff demonstrated the delays that formal service under the Hague Convention would entail. The plaintiff also showed that other defendants evaded enforcement of judgments by effectively disappearing and that further delay may prejudice the plaintiff's ability to achieve relief. In Lexmark Int'l, the district court authorized alternative service via email exclusively on the foreign defendants in Poland and China.

CONCLUSION

The undersigned finds that the service by email upon the foreign defendant at info@htl-strefa.pl and tomasz.walesa@htl-strefa.pl as well as by serving the domestic defendant's attorney is reasonably calculated to notify the foreign defendant of the pendency of this action and provide it with an opportunity to defend. The domestic defendant is a wholly-owned subsidiary of the foreign defendant. The president of the foreign defendant serves on the board of the domestic defendant. During the hearing, the plaintiff's counsel agreed that the plaintiff will not use service on the domestic defendant's counsel to support personal jurisdiction over the foreign defendant. Under the circumstances, the undersigned finds that service by email to the e-mail address of the foreign defendant and it's president and by serving the domestic defendant's attorney satisfies due process. It is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Court-Directed Alternative Service of Process and Incorporated Memorandum of Law (DE# 17, 7/15/15) is GRANTED. The plaintiff shall serve the summons, complaint, and all subsequent filings in this case via email to the following email addresses: info@htl-strefa.pl and tomasz.walesa@htl-strefa.pl. It is further

ORDERED AND ADJUDGED that the plaintiff shall serve the summons and complaint on the co-defendant's attorney, Mr. Jeffrey Kramer.

DONE AND ORDERED at Miami, Florida, this 14th day of September, 2015.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Moreno
Counsel of Record